## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE:                                                )
                                                      )
SONUS NETWORKS, INC. LITIGATION                       )
                                                      )
-------------------------------------------------------    )
                                                      )    CIVIL ACTION NO.
THIS DOCUMENT RELATES TO ALL CASES                    )    04-10294-DPW
(not consolidated at this time)                       )    04-10307-DPW
                                                           04-10308-DPW
                                                           04-10309-DPW
                                                           04-10310-DPW
                                                           04-10314-DPW
                                                           04-10329-DPW
                                                           04-10333-DPW
                                                           04-10345-DPW
                                                           04-10346-DPW
                                                           04-10359-DPW
                                                           04-10362-DPW
                                                           04-10363-DPW
                                                           04-10364-DPW
                                                           04-10382-DPW
                                                           04-10383-DPW
                                                           04-10384-DPW
                                                           04-10454-DPW
                                                           04-10576-DPW
                                                           04-10597-DPW
                                                           04-10612-DPW
                                                           04-10623-DPW
                                                           04-10714-DPW

## JOINT STATUS REPORT AND PROPOSED SCHEDULE

By Order dated April 30, 2004, this Court scheduled a status/scheduling conference

for the above-captioned cases on **June 28, 2004 at 2:30 p.m.**  In accordance with the April

30, 2004 Order, counsel have conferred regarding matters to be discussed at the scheduling

conference and a proposed schedule for the case concerning the various motions to

consolidate, motions for appointment of lead plaintiff(s) and lead counsel, filing of amended

pleadings, motions to dismiss, and a plan of discovery. Counsel hereby submit this Joint

Status Report reflecting the proposed schedule.

## I. SUMMARY OF CASE

### A. Initial Class Action Complaints

Beginning on February 12, 2004, twenty related securities class action lawsuits (the

"Securities Action") were filed in this Court against Sonus Networks, Inc. ("Sonus" or the

"Company"), a provider of packet voice infrastructure solutions for wireline and wireless

service providers headquartered in Westford, Massachusetts, and certain individuals, namely,

Hassan M. Ahmed, the Company's President and Chief Executive Officer and Stephen J. Nill,

Sonus' former Chief Financial Officer, Vice President of Finance and Administration, and

Treasurer. The actions claim violations of sections 10(b) and 20(a) of the Securities

Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated

thereunder.[1]

Pursuant to stipulations filed with this Court beginning on March 19, 2004 (the

"Stipulations"), the parties agreed that Defendants need not respond to the initial complaints

filed with the Court, but shall respond to the Consolidated Complaint as discussed below.

The Stipulations also provided that Defendants accepted service of the initial complaints filed

---

[1] The actions allege various class periods. Eleven of the 20 class actions pending against Sonus and the individual defendants allege a class period of June 3, 2003 through and including February 11, 2004; 5 of the 20 allege a class period of April 9, 2003 through and including February 11, 2004; 1 of the 20 alleges a class period of June 5, 2003 through and including February 11, 2004; 1 of the 20 alleges a class period of April 9, 2003 through and including February 12, 2004; 1 of the 20 alleges a class period of July 1, 2003 through and including February 11, 2004; and 1 of the 20 alleges a class period of May 12, 2003 through and including March 26, 2004. The class period that will ultimately govern this action will be determined at a later date. Specifically, after the Court appoints the Lead Plaintiff and Lead Counsel in this action, a consolidated complaint will be filed which will set forth the class period to govern the action.

A few of the pending class actions also name as defendants Paul R. Jones, Sonus' Vice President of Engineering; Edward N. Harris, Sonus' Vice President of Manufacturing; J. Michael O'Hara, Sonus' Vice President of Marketing; and Ruben Gruber, Sonus' founder and Chairman of the Board of Directors.

in this action as of the date of the stipulation or the date of personal service upon Defendants, whichever occurred earlier.

It is anticipated that Defendants will move to dismiss the actions pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Motions For Consolidation, Appointment Of Lead Plaintiff, And Approval Of Lead Counsel In Securities Actions

On April 12, 2004, twelve separate motions for consolidation, appointment of lead plaintiff, and appointment of lead counsel were filed with this Court.[2]  Subsequently, four movants withdrew their lead plaintiff applications.  Thus, eight lead plaintiff applications are currently pending before this Court.  Of those eight movants, six filed memoranda in further support of their motions for lead plaintiff and in opposition to other movants' applications on April 26, 2004.  Each of these six movants filed reply memoranda with this Court in further support of their lead plaintiff applications on May 10, 2004.[3]

### C. The Derivative Actions

Three shareholder derivative actions (the "Derivative Actions") are also pending before this Court.[4]  The Derivative Actions assert claims against certain of the Company's officers and directors based on similar factual allegations giving rise to the Securities Actions. Plaintiffs allege that the Defendants have harmed the Company by, *inter alia*, causing it to issue false and misleading financial statements, incurring defense costs, and diminishing its

---

[2] No party has opposed consolidation of the actions.

[3] Specifically, the following six parties filed memoranda and reply memoranda in further support of their lead plaintiff applications: BPI Global Asset Management LLP, Global Undervalued Securities Master Fund, The Farhat Group, James Brower, Brad Rollow, and Mohammed Akhtar.

[4] The Derivative Actions are *Williams v. Ahmed et al.*, 1-04-CIV-10359 DPW, *Burk v. Ahmed et al.*, 1-04-CIV-10384 DPW, and *Pisnoy v. Ahmed et al.*, 1-04-CIV-10576 DPW.

market value, and seek damages on the Company's behalf for breach of fiduciary duty, gross negligence, and insider trading.

### D. Motions For Stay, Consolidation, And Appointment Of Lead Counsel In The Derivative Actions

#### 1. Motions to Stay

On March 22, 2004, Defendants moved to stay or, alternatively, to dismiss *Williams* in deference to a shareholder derivative action based on similar facts which is currently pending in Massachusetts Superior Court, captioned *Palma v. Ahmed*, No. 04-0753-BLS. The *Palma* action is itself the subject of a pending motion to dismiss, which was heard by the Business Litigation Session of the Superior Court on June 11, 2004. On April 12, 2004, counsel in *Williams* stipulated with Defendants to stay *Williams* pending a determination on Defendants' Motion to Dismiss in the state court action. On April 2, 2004, Defendants moved to stay *Burk* on the same grounds, but Burk has opposed the motion. That motion is fully briefed. Defendants also intend to file a motion to stay *Pisnoy* on the same grounds. The Defendants' responsive pleading in *Pisnoy* is not due to be filed until June 30, 2004.

#### 2. Motions For Consolidation And Appointment of Lead Counsel

On April 27, 2004, Plaintiff Williams moved for consolidation of the Derivative Actions and for appointment of his counsel as lead counsel and liaison counsel. On May 11, 2004, Plaintiff in *Burk* opposed Williams' application, and filed her own motion for consolidation and appointment of her counsel as lead and liaison counsel. On May 11, 2004, Plaintiff in *Pisnoy* filed a response in opposition to Williams' motion.[5] On May 25, 2004, Plaintiff Pisnoy filed a response in opposition to Burk's motion, reiterating his concern as to the propriety of consolidation of his action with *Williams*, and requesting that his counsel be appointed into the leadership structure of any consolidated Derivative proceedings. On May 24, 2004, Plaintiff Williams filed a Reply to Plaintiff Pisnoy and Plaintiff Burk's opposition.

---

[5] Plaintiffs Burk and Pisnoy oppose consolidation of their actions with *Williams* to the extent such consolidation would subject them to the voluntary stay agreed to by Williams.

On May 25, 2004, Defendants filed a response to the motion to consolidate in *Burk*. The motions are now fully briefed.

## II. PROPOSED SCHEDULE

### A. Proposed Pre-Trial Schedule

#### 1. Briefing On Lead Plaintiff And Consolidation Motions

The parties understand that at the status/scheduling conference on June 28, 2004 at 2:30 p.m., the Court will address the pending motions for (1) consolidation, for appointment of lead plaintiff, and for appointment of lead counsel in the Securities Actions and (2) consolidation and appointment of lead counsel in the Derivative Actions. The parties agree that the Securities Actions and the Derivative Actions should be the subject of separate consolidation orders.

#### 2. Filing Of Consolidated Complaint And Motion To Dismiss Briefing

##### a. Securities Actions

Consistent with the Stipulations previously filed by the parties, the parties propose that following an Order of this Court consolidating the related actions and appointing lead plaintiff(s) and lead counsel: (a) Lead Plaintiff(s) shall file and serve a single Consolidated Complaint within sixty (60) days of the date of the Court's Order appointing lead plaintiff(s) and lead counsel; and (b) Defendants shall file and serve their Answer or Motion to Dismiss within forty-five (45) days of service of the Consolidated Amended Class Action Complaint.

The parties further propose that: (a) If Defendants file a Motion to Dismiss, Lead Plaintiff(s) shall file and serve their memorandum in opposition to the Motion to Dismiss within forty-five (45) days of service of the Motion to Dismiss; and (b) Defendants shall file

and serve their reply memorandum in further support of their Motion to Dismiss within twenty-one (21) days of service of Lead Plaintiff's opposition.

### b.  Derivative Actions

Plaintiffs in the Derivative Actions shall file and serve a single Consolidated Derivative Complaint within sixty (60) days of the date of the Court's Order consolidating the Derivative Actions and appointing lead counsel; and (b) Defendants shall file and serve their Answer or Motion to Dismiss within forty-five (45) days of service of the Consolidated Derivative Complaint.

The parties further propose that: (a) If Defendants file a Motion to Dismiss, Plaintiff(s) shall file and serve their memorandum in opposition to the Motion to Dismiss within forty-five (45) days of service of the Motion to Dismiss; and (b) Defendants shall file and serve their reply memorandum in further support of their Motion to Dismiss within twenty-one (21) days of service of Plaintiffs' opposition.

### B.  Plan For Discovery

#### 1.  Securities Actions

Defendants' anticipated filing of motions to dismiss will trigger a stay of all discovery in this action under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The parties respectfully submit that until this Court resolves motions to dismiss, it is premature to establish a plan of discovery. Plaintiffs reserve the right to seek leave of court to propound discovery as they deem appropriate.

#### 2.  Derivative Actions

Plaintiffs in the Derivative Actions intend to propound discovery or seek leave to propound discovery at either the June 28, 2004 hearing or shortly thereafter. Defendants will

oppose any such discovery and will seek a stay of discovery on essentially the same grounds as they advanced in the *Palma* action. The Court in *Palma* granted Defendants' motion and stayed all discovery on May 18, 2004.

### D. Other Actions Which May Be Subject To Consolidation

The parties are not aware of any actions besides those captioned above which are subject to consolidation.[5]

Dated: June 18, 2004

Respectfully submitted,

**Counsel for Securities Plaintiffs:**

*Nicole R. Starr*
_____
Glen DeValerio
Jeffrey C. Block
Michael T. Matraia
Nicole R. Starr
**Berman DeValerio Pease Tabacco**
Burt & Pucillo
One Liberty Square, 8th Floor
Boston, MA 02109
(617) 542-8300

**Attorneys for James Brower**

*Travis E. Downs III / mrs*
_____
William S. Lerach
Darren J. Robbins
Travis E. Downs, III
**Lerach Coughlin Stoia & Robbins, LLP**
401 B Street
Suite 1700
San Diego, CA 92101
(619) 231-1058

**Attorneys for Global Undervalued Securities Master Fund**

_____
Solomon B. Cera
Gwendolyn R. Giblin
**Gold Bennett Cera & Sidener LLP**
595 Market Street, Suite 2300
San Francisco, CA 94105
(415) 777-2230

**Attorneys for BPI Global Asset Management LLP**

_____
Andrew L. Barroway
Stuart L. Berman
Sean M. Handler
**Schiffrin & Barroway, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

**Attorneys for Farhat Group**

---

[5] As discussed herein, the parties agree that the Securities Actions and Derivative Actions should be subject to separate consolidation orders.

_Patrick V Dahlstrom /nRS_

_____

Justin S. Kudler (BBO# 644824)
**Schatz & Nobel, PC**
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
(860) 493-6292

Marc I. Gross
Joseph Gentile
**Pomerantz Haudek Block
Grossman & Gross LLP**
100 Park Avenue, 26th Floor
New York, NY  10017

**Attorneys for Brad Rollow**

**Attorneys for Mohammed Akhtar**

**Counsel for Derivative Plaintiffs:**

_____

Paul T. Warner
**Reich & Binstock, LLP**
4265 San Felipe, Suite 1000
Houston, TX 77002
(713) 622-7271

_____

William B. Federman
**Federman & Sherwood**
120 N. Robinson Avenue, Suite 2720
Oklahoma City, OK 73102

**Attorneys for Plaintiff Williams**

**Attorneys for Plaintiff Pisnoy**

_Gregory M Nespole /nes_

Gregory M. Nespole
**Wolf Haldenstein Adler Freeman & Herz, LLP**
270 Madison Avenue
New York, NY 10016

**Attorneys for Plaintiff Burk**

**Counsel for Defendants:**

_____

John D. Hughes
**Edwards & Angell, LLP**
101 Federal Street
Boston, MA 02110
(617) 439-4444

**Attorneys for Paul R. Jones,
Edward N. Harris, J. Michael
O'Hara, Rubin Gruber**

_____

John R. Baraniak, Jr.
Robert S. Frank, Jr.
**Choate Hall & Stewart**
Exchange Place
53 State Street
Boston, MA  02109

**Attorneys for Hassan Ahmed**

_Matthew J Matule /nrs_

Matthew J. Matule
Thomas J. Dougherty
**Skadden Arps Slate Meagher &
Flom LLP**
One Beacon Street
Boston, MA 02108

**Attorneys for Stephen Nill**

_Daniel W Halston /nrs_

Jeffrey B. Rudman
James W. Prendergast
Daniel W. Halston
**Wilmer Cutler Pickering Hale and
Dorr LLP**
60 State Street
Boston, MA 02109

**Attorneys for Sonus Networks,
Inc.**

Sonus/p/JointStatusReport_final

grounds as they advanced in the *Palma* action. The Court in *Palma* granted Defendants'

motion and stayed all discovery on May 18, 2004.

### D. Other Actions Which May Be Subject To Consolidation

The parties are not aware of any actions besides those captioned above which are

subject to consolidation.[5]

Dated: June 17, 2004

Respectfully submitted,

**Counsel for Securities Plaintiffs:**

_____
Glen DeValerio
Jeffrey C. Block
Michael T. Matraia
Nicole R. Starr
**Berman DeValerio Pease Tabacco
Burt & Pucillo**
One Liberty Square, 8th Floor
Boston, MA 02109
(617) 542-8300

**Attorneys for James Brower**

_____
Solomon B. Cera
Gwendolyn R. Giblin
**Gold Bennett Cera & Sidener LLP**
595 Market Street, Suite 2300
San Francisco, CA 94105
(415) 777-2230

**Attorneys for BPI Global Asset
Management LLP**

_____
William S. Lerach
Darren J. Robbins
Travis E. Downs, III
**Lerach Coughlin Stoia & Robbins, LLP**
401 B Street
Suite 1700
San Diego, CA 92101
(619) 231-1058

**Attorneys for Global Undervalued
Securities Master Fund**

_____
Andrew L. Barroway
Stuart L. Berman
Sean M. Handler
**Schiffrin & Barroway, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

**Attorneys for Farhat Group**

---

[5] As discussed herein, the parties agree that the Securities Actions and Derivative Actions should be subject
to separate consolidation orders.

7

grounds as they advanced in the *Palma* action. The Court in *Palma* granted Defendants' motion and stayed all discovery on May 18, 2004.

### D. Other Actions Which May Be Subject To Consolidation

The parties are not aware of any actions besides those captioned above which are subject to consolidation.[5]

Dated: June 17, 2004

Counsel for Securities Plaintiffs:

Respectfully submitted,

_____

Glen DeValerio
Jeffrey C. Block
Michael T. Matraia
Nicole R. Starr
**Berman DeValerio Pease Tabacco
Burt & Pucillo**
One Liberty Square, 8th Floor
Boston, MA 02109
(617) 542-8300

**Attorneys for James Brower**

_____

William S. Lerach
Darren J. Robbins
Travis E. Downs, III
Lerach Coughlin Stoia & Robbins, LLP
401 B Street
Suite 1700
San Diego, CA 92101
(619) 231-1058

**Attorneys for Global Undervalued
Securities Master Fund**

_____

Solomon B. Cera
Gwendolyn R. Giblin
**Gold Bennett Cera & Sidener LLP**
595 Market Street, Suite 2300
San Francisco, CA 94105
(415) 777-2230

**Attorneys for BPI Global Asset
Management LLP**

_____

Andrew L. Barroway
Stuart L. Berman
Sean M. Handler
**Schiffrin & Barroway, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

**Attorneys for Farhat Group**

_____

[5] As discussed herein, the parties agree that the Securities Actions and Derivative Actions should be subject to separate consolidation orders.

_____
Justin S. Kudler (BBO# 644824)
**Schatz & Nobel, PC**
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
(860) 493-6292

**Attorneys for Brad Rollow**

_____
Marc I. Gross
Joseph Gentile
**Pomerantz Haudek Block
Grossman & Gross LLP**
100 Park Avenue, 26th Floor
New York, NY 10017

**Attorneys for Mohammed Akhtar**

Counsel for Derivative Plaintiffs:

_____
Paul T. Warner
**Reich & Binstock, LLP**
4265 San Felipe, Suite 1000
Houston, TX 77002
(713) 622-7271

**Attorneys for Plaintiff Pisnoy**

_____
William B. Federman
**Federman & Sherwood**
120 N. Robinson Avenue, Suite 2720
Oklahoma City, OK 73102

**Attorneys for Plaintiff Williams**

_____
Gregory M. Nespole
**Wolf Haldenstein Adler Freeman & Herz, LLP**
270 Madison Avenue
New York, NY 10016

**Attorneys for Plaintiff Burk**

8

Justin S. Kudler (BBO# 644824)
**Schatz & Nobel, PC**
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
(860) 493-6292

**Attorneys for Brad Rollow**

Marc I. Gross
Joseph Gentile
**Pomerantz Haudek Block
Grossman & Gross LLP**
100 Park Avenue, 26th Floor
New York, NY  10017

**Attorneys for Mohammed Akhtar**

**Counsel for Derivative Plaintiffs:**

Paul T. Warner
**Reich & Binstock, LLP**
4265 San Felipe, Suite 1000
Houston, TX 77002
(713) 622-7271

**Attorneys for Plaintiff Pisnoy**

William B. Federman
**Federman & Sherwood**
120 N. Robinson Avenue, Suite 2720
Oklahoma City, OK 73102

**Attorneys for Plaintiff Williams**

Gregory M. Nespole
**Wolf Haldenstein Adler Freeman & Herz, LLP**
270 Madison Avenue
New York, NY 10016

**Attorneys for Plaintiff Burk**

Justin S. Kudler (BBO# 644824)
**Schatz & Nobel, PC**
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
(860) 493-6292

**Attorneys for Brad Rollow**

**Counsel for Derivative Plaintiffs:**

Paul T. Warner
**Reich & Binstock, LLP**
4265 San Felipe, Suite 1000
Houston, TX 77002
(713) 622-7271

**Attorneys for Plaintiff Pisnoy**

Gregory M. Nespole
**Wolf Haldenstein Adler Freeman & Herz, LLP**
270 Madison Avenue
New York, NY 10016

**Attorneys for Plaintiff Burk**

Marc I. Gross
Joseph Gentile
**Pomerantz Haudek Block Grossman & Gross LLP**
100 Park Avenue, 26th Floor
New York, NY 10017

**Attorneys for Mohammed Akhtar**

William B. Federman
**Federman & Sherwood**
120 N. Robinson Avenue, Suite 2720
Oklahoma City, OK 73102

**Attorneys for Plaintiff Williams**

8

Counsel for Defendants:

John D. Hughes
**Edwards & Angell, LLP**
101 Federal Street
Boston, MA 02110
(617) 439-4444

**Attorneys for Paul R. Jones,
Edward N. Harris, J. Michael
O'Hara, Rubin Gruber**

Mathew J. Matule
Thomas J. Dougherty
**Skadden Arps Slate Meagher &
Flom LLP**
One Beacon Street
Boston, MA 02108

**Attorneys for Stephen Nill**

John R. Baraniak, Jr.
Robert S. Frank, Jr.
**Choate Hall & Stewart**
Exchange Place
53 State Street
Boston, MA  02109

**Attorneys for Hassan Ahmed**

Jeffrey B. Rudman
James W. Prendergast
Daniel W. Halston
**Wilmer Cutler Pickering Hale and
Dorr LLP**
60 State Street
Boston, MA 02109

**Attorneys for Sonus Networks,
Inc.**

**Counsel for Defendants:**

John D. Hughes
**Edwards & Angell, LLP**
101 Federal Street
Boston, MA 02110
(617) 439-4444

**Attorneys for Paul R. Jones,
Edward N. Harris, J. Michael
O'Hara, Rubin Gruber**

John R. Baraniak, Jr.
Robert S. Frank, Jr.
**Choate Hall & Stewart**
Exchange Place
53 State Street
Boston, MA  02109

**Attorneys for Hassan Ahmed**

Mathew J. Matule
Thomas J. Dougherty
**Skadden Arps Slate Meagher &
Flom LLP**
One Beacon Street
Boston, MA 02108

**Attorneys for Stephen Nill**

Jeffrey B. Rudman
James W. Prendergast
Daniel W. Halston
**Wilmer Cutler Pickering Hale and
Dorr LLP**
60 State Street
Boston, MA 02109

**Attorneys for Sonus Networks,
Inc.**

Sonus/dp/JointStatusReport_6-3-04

9